Peck, J.
delivered the opinion of the court.
It is objected in this case, that the judgment should have been that the party have his execution, and not as it is rendered for the debt of $164. But counsel, assu *99 ming these premises, overlook the fact, that an appeal has been taken from the judgment in the county, to the circuit court, where on a finding for the plaintiff, judgment under ihe act of 1794, ch. 1, must he rendered for the debt and damages against the security, as well as against the principal. As the plaintiff in the sci. fa. was entitled to a new judgment, we must follow, the words of the law in giving it.
Craighead, for plaintiff in error.
R. C. Foster, for defendant in error.
The verdict as it is entered, udo find for the plaintiff,” would be no sufficient response to the issue, if one could be found in the record. But the counsel choosing to go to trial upon mere shadow, must abide the consequences when they have had the voice of a jury which may be construed into meaning in- favor of one or other of the parties. The verdict rendered is in the form used where proceedings come from before justices out of court, who act without pleadings; from necessity we must be content with the humblest forms, where the premises given to proceed on are .so uncertain, that from them we cannot adduce better conclusions.
Judgment affirmed..